L. PHILIP COVINGTON v. MICHAEL R. RHODES AND MARY R. RHODES, IN-
DIVIDUALLY AND AS NEXT FRIENDS OF SHERWIN G. RHODES, A MINOR,
DEFENDANTS; AND WAKE COUNTY BOARD OF EDUCATION, RESPONDENT

No. 7710SC973

(Filed 19 September 1978)

1. **Attorneys at Law § 7.1— discharged attorney—reasonable value of services recoverable—no recovery on contingent fee contract**

    An attorney discharged with or without cause can recover only the reasonable value of his services as of that date, and an attorney, whose clients have discharged him prior to final disposition of the case, may not recover on a contingent fee contract.

2. **Attorneys at Law § 7.1— charging lien filed by attorney—attorney discharged—no interest in recovery**

    In an action by plaintiff attorney to recover on a contingent fee contract whereby plaintiff was to represent defendants in an action against defendant school board arising out of an automobile accident, plaintiff was not entitled to judgment in his favor against the school board by virtue of the charging lien he had filed against any recovery defendants might have from the school board, since, at the time when this purported charging lien would have at-tached, the time of judgment in favor of defendants against the school board, the judgment was not a fund recovered by plaintiff's aid, as he had been dis-charged, and plaintiff was therefore entitled to no interest in the fund.

3. **Judgments § 3— judgment entered severally against three defendants—error**

    In an action to recover on a contingent fee contract, the trial court erred in entering judgment for plaintiff severally against three defendants who were members of one family and who sought to recover against defendant school board for injuries received in one accident, since plaintiff prepared for one lawsuit for the sake of all three defendants; they approached him jointly to represent them; and defendants' testimony clearly showed that they expected plaintiff would represent them as a group.

APPEAL by plaintiff from *Herring, Judge.* Judgment entered 23 August 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 30 August 1978.

Plaintiff, an attorney, filed this action to recover on a contingent fee contract. Defendants Michael and Mary Rhodes and their minor child Sherwin originally sought to have plaintiff represent them in an action against the Wake County School Board arising out of an automobile accident between the Rhodes car and a Wake County school bus. The parties entered into an oral contingent fee contract. Some 14 months after plaintiff was hired and began work on the case defendants discharged him. Thereafter, defendants obtained a recovery of $21,950 from the school board, and they were represented by another attorney, Arnold Smith.

In the pretrial order each side stipulated its contentions as to the terms of the oral contract. According to the plaintiff, he was to have received 25% of the recovery if a satisfactory settlement could be negotiated prior to filing; 30% if the case was settled after filing but before going to trial; or 33⅓% of the amount awarded at trial. However, defendants contended that plaintiff was to have received 20%, 25% and 30% respectively. Defendants also claimed, as a defense to the contract action and as a counterclaim which was dismissed prior to trial, that plaintiff was discharged because he failed to represent them adequately.

Prior to trial plaintiff filed a charging lien for his contingent fee against any recovery defendants might have from the School Board. Notice of the lien was given to the Board and the Board was served as a defendant in this action. Plaintiff also moved for summary judgment, which was denied.

At trial defendant Michael Rhodes was allowed to testify, over plaintiff's objections and contrary to defendants' pretrial stipulations, that the fee agreement had been for plaintiff to take only 20% of the recovery.

Upon inquiry by the court, plaintiff testified that he had spent 29½ hours representing defendants before being discharged, and that his hourly charge was $35.00.

The court found that the parties had entered a contract but that the amount of the contingent fee was not established. Although plaintiff had lost some papers and missed or cancelled

meetings, he was found to have performed in a reasonably professional manner. It was further found by the court that Arnold Smith had guaranteed to defendants that he, Smith, would pay any attorney fees, up to $7,316, which defendants might owe plaintiff.

The court concluded that plaintiff was not entitled to the $7,316.66 he sought to recover on the contract, but awarded him $2000 in quantum meruit, in judgments severally against the defendants as follows: against Mary Rhodes, $1500; against Michael Rhodes, $400; against their minor child, $100. The court refused plaintiff's request that it make findings of fact and conclusions of law relative to the liability, if any, of the School Board by virtue of plaintiff's lien.

Plaintiff appeals.

*L. Philip Covington for plaintiff appellant.*

*George R. Barrett for defendant appellees Rhodes.*

*Tharrington, Smith & Hargrove, by George T. Rogister, Jr., for respondent appellees.*

ARNOLD, Judge.

I.

[1] The major issue presented by this appeal is whether an attorney may recover on a contingent fee contract when his clients have discharged him prior to final disposition of the case. We find no North Carolina case which decides this point, and there is a split of authority in other jurisdictions. Some courts have held that the attorney is entitled to the contract amount, others that he may recover only the reasonable value of the services which he has performed. 7 Am. Jur. 2d, Attorneys at Law § 256, and cases cited therein; 136 A.L.R. 231; 7 C.J.S., Attorney & Client, §§ 168 & 169a(2).

Plaintiff cites two North Carolina cases to support his position that he should recover the contract amount. In *Casket Co. v. Wheeler*, 182 N.C. 459, 109 S.E. 378 (1921), the attorney was al-

lowed recovery of the contract amount, and the court indicated that the contingent fee contract constituted an equitable assignment of the judgment. However, in *Casket Co.*, unlike this case, the attorney prosecuted the case to its conclusion. Likewise in *Higgins v. Beaty*, 242 N.C. 479, 88 S.E. 2d 80 (1955), the attorney recovered the contract amount where the contract provided for a fixed amount, not a contingent fee.

Since we find no North Carolina cases which are determinative, we shall briefly examine the law of other jurisdictions. The older rule, and still the rule in some jurisdictions, is that where the attorney is discharged without cause, he may recover the entire contingent fee. *See, e.g., Warner v. Basten*, 118 Ill. App. 2d 419, 255 N.E. 2d 72 (1970); *Thomas v. Mandell & Wright*, 433 S.W. 2d 219 (Tex. App. 1968). Plaintiff cites us to *Chambliss, Bahner & Crawford v. Luther*, 531 S.W. 2d 108 (Tenn. App. 1975), for this proposition, but we note that, while declining to overrule an earlier case that allowed the full contract recovery, the Tennessee court stated: "It would seem to us that the better rule is that because a client has the unqualified right to discharge his attorney, fees in such cases should be limited to the value of the services rendered or the contract price, whichever is less." *Id.* at 113. The rationale in these cases has been that the general law of contract applies, and that when the client breaches by discharging his attorney without cause, the attorney can recover the contract price.

What we perceive to be the modern trend, and, we believe, the better rule, is that an attorney discharged with or without cause can recover only the reasonable value of his services as of that date. A number of well-reasoned opinions have taken this view, beginning as early as 1916 with *Martin v. Camp*, 219 N.Y. 170, 114 N.E. 46. *E.g., Fracasse v. Brent*, 6 Cal. 3d 784, 100 Cal. R. 385, 494 P. 2d 9 (1972); *610 Lincoln Rd., Inc. v. Kelner, P.A.*, 289 So. 2d 12 (Fla. App. 1974); *Heinzman v. Fine, Fine, Legum & Fine*, 217 Va. 958, 234 S.E. 2d 282 (1977). *See also Brookhaven Supply Co., Inc. v. Rary*, 131 Ga. App. 310, 205 S.E. 2d 885 (1974); *Wright v. Fontana*, 290 So. 2d 449 (La. App. 1974); *Dill v. Public Utility District No. 2 of Grant Co.*, 3 Wash. App. 360, 475 P. 2d 309 (1970).

In a recent federal case the attorney, in a situation practically identical to the one before us, was awarded only the reasonable

value of his services. *Potts v. Mitchell,* 410 F. Supp. 1278 (W.D.N.C. 1976). That court, in our view, followed the correct rule, and we further agree that any equitable interest by the plaintiff in the recovery of defendants in the case at bar could not attach "until the case was prosecuted to a favorable judgment or settled *by the contracting attorney.*" *Id.* at 1282 (emphasis added).

It is a settled rule that because of the special relationship of trust and confidence between attorney and client the client may terminate the relationship at any time, with or without cause. 7 C.J.S., Attorney & Client § 109. Plaintiff does not dispute this rule, but argues that a client who discharges his attorney without cause must still pay the contract price. *Fracasse v. Brent, supra,* answers his argument:

> The right to discharge is of little value if the client must risk paying the full contract price for services not rendered upon a determination by a court that the discharge was without legal cause. The client may frequently be forced to choose between continuing the employment of an attorney in whom he has lost faith, or risking the payment of double contingent fees equal to the greater portion of any amount eventually recovered.

*Id.* at 789, 100 Cal. R. at 388, 494 P. 2d at 12.

The courts which follow the modern trend also base their holdings on the view that a client's discharge of his attorney is not a breach of contract. "Such a discharge does not constitute a breach of contract for the reason that it is a basic term of the contract, implied by law into it by reason of the special relationship between the contracting parties, that the client may terminate the contract at will." *Id.* at 791, 100 Cal. R. at 389, 494 P. 2d at 13. *See also Martin v. Camp, supra.*

The plaintiff argues that such a rule ignores the realities of the contingent fee system and will prevent its use in the future. We believe he is mistaken in more than one respect. First, we reject his assumption that the main purpose of the contingent fee system is to allow lawyers to balance their budgets, with high fees in some cases making up for other cases in which there are no recoveries. In *Casket Co. v. Wheeler, supra,* the North Carolina Supreme Court found contingent fees acceptable and

said: "[O]therwise a party, without the means to employ an attorney and pay his fee certain, and having a meritorious cause of action or defense, would find himself powerless to protect his rights." *Id.* at 466, 109 S.E. at 382. And in *610 Lincoln Rd., Inc. v. Kelner, P.A., supra,* the Florida Court noted: "Contingent fee agreements are primarily for the benefit of indigents or those not capable of employing capable counsel . . . ." *Id.* at 15.

Second, we find no merit in plaintiff's suggestion that clients will take advantage of the rule, using the lawyer's services until all the work is done, then discharging him and settling the case themselves. *Fracasse v. Brent* answers this also:

> Nor do we believe that abandonment of the [contract recovery] rule will lead to a wholesale discharging of attorneys by clients motivated solely by a desire to save attorney's fees. To the extent that such discharge is followed by the retention of another attorney, the client will in any event be required . . . to pay the former attorney for the reasonable value of his services. . . . To the extent that such discharge occurs 'on the courthouse steps,' where the client executes a settlement obtained after much work by the attorney, the factors involved in a determination of reasonableness would certainly justify a finding that the entire fee was the reasonable value of the attorney's services.

*Id.* at 791, 100 Cal. R. at 389-90, 494 P. 2d at 13-14 (citations omitted).

A contract for legal services is not like other contracts. The client has the right to discharge his attorney at any time, and it is our view that upon such discharge the attorney is entitled to recover the reasonable value of the services he has already provided. As the New York Court noted in *Martin v. Camp, supra:* "The rule secures to the attorney the right to recover the reasonable value of the services which he has rendered, and is well calculated to promote public confidence in the members of an honorable profession whose relation to their clients is personal and confidential." *Id.* at 176, 114 N.E. at 48.

We believe that the learned trial judge has adequately compensated plaintiff for the reasonable value of his services, and we affirm the judgment awarding $2000 in quantum meruit.

## II.

We find it unnecessary to discuss plaintiff's argument that the court erred in denying his motion for summary judgment. There were genuine issues of material fact to defeat the motion.

Moreover, while we agree that it was error for the trial court to allow certain testimony which differed from the terms of the contract which defendants had stipulated, it was harmless error. We have found already that the terms of the contract do not determine the measure of damages.

## III.

[2] Plaintiff asserts also that, by virtue of the charging lien he filed against any recovery defendants might have from the School Board, he was entitled to a judgment in his favor against the Board. We disagree. Plaintiff cites to us no North Carolina authority on the common law attorney's charging lien, and we have found none. The charging lien is an equitable lien which gives an attorney the right to recover his fees "from a fund recovered by his aid." 7 Am. Jur. 2d, Attorneys at Law § 281. The charging lien attaches not to the cause of action, but to the judgment at the time it is rendered. *Id.* § 296. At the time when this purported charging lien would have attached, the time of judgment in favor of defendants against the School Board, the judgment was not a fund recovered by plaintiff's aid, as he had been discharged. Plaintiff was entitled to no interest in the fund.

## IV.

[3] Finally, we agree with plaintiff that the court erred in entering judgment for him severally against the three defendants. "A several judgment is not ordinarily proper against defendants whose liability is on a joint obligation or other joint cause of action. . . ." 49 C.J.S. Judgments § 36b. The plaintiff here prepared for one lawsuit for the sake of all three defendants. They approached him jointly to represent them, with Michael Rhodes the spokesman for the family. The record shows defendants' testimony. Michael Rhodes: "I told him I wanted him to handle the whole thing." Mary Rhodes: "I don't remember too much about the agreement we had with Mr. Covington regarding representing *us* in the case regarding *our* accident. I let Mike and Phil handle all that." (Emphasis added.) Clearly the defendants ex-

pected that plaintiff would represent them as a group, and judgment for his compensation for doing so should have been entered jointly and severally. The judgment is so modified.

We find it unnecessary to reach plaintiff's remaining assignments of error. The judgment as modified is

Affirmed.

Chief Judge BROCK and Judge CLARK concur.