JOSHUA M. DILLON BY HIS GUARDIAN AD LITEM THOMAS H. DILLON v. CONSOLIDATED DELIVERY, INC. AND YARVIN SYLVESTER CARTER

No. 7926SC51

(Filed 16 October 1979)

**Attorneys at Law § 7.1— charging lien filed by attorney—judgment not rendered —fund recovered after withdrawal or discharge**

An attorney retained to represent the plaintiffs in a personal injury action could not attach a charging lien before any judgment was rendered, since the lien attaches only to a judgment and not to a cause of action. Furthermore, the attorney could not attach a charging lien to a fund recovered after his discharge or withdrawal, since the fund would not be "recovered by his aid."

APPEAL by plaintiff from *Thornburg, Judge*. Order entered 16 August 1978 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 21 September 1979.

Petitioner Richard Cohan, a Charlotte attorney, was retained by the minor plaintiff to bring this personal injury action, and by the plaintiff's mother to bring a companion case on her behalf. Apparently there was a written contingent fee contract by which Cohan was to receive 25% of any recovery if the cases were settled without suit, 33⅓% if suit was filed, and 40% if an appeal was taken. After suit was filed there was a settlement offer of $17,000 for both cases, which the plaintiffs apparently did not accept. Subsequently, Cohan moved to withdraw as counsel, alleging that he had been advised that the plaintiffs wished to discharge him. At the same time, Cohan declared an attorney's lien in the amount of $5,666.67 (one-third of the amount of the settlement offer) on any recovery by the plaintiff in the personal injury actions. The court ordered that the lien attach, and plaintiff appeals.

*Bailey, Brackett and Brackett, by Martin L. Brackett, Jr. and William L. Sitton, Jr., for plaintiff appellant.*

*Lacy W. Blue for appellee.*

ARNOLD, Judge.

Subsequent to the entry of the trial court's order in this case, we filed our opinion in the case of *Covington v. Rhodes*, 38 N.C. App. 61, 247 S.E. 2d 305 (1978), *cert. denied* 296 N.C. 410, 251 S.E. 2d 468 (1979). There we dealt with the subject of attorneys' charging liens in a fact situation much like the one now before us, and our holding in that case controls the present appeal.

Here, as in *Covington*, the attorney attempted to attach a lien before any judgment was entered. This he cannot do, since a charging lien attaches only to a judgment, not to a cause of action. *Id.* Furthermore, an attorney cannot attach a lien to a fund recovered after his discharge or withdrawal, since at that time the fund would not be " 'recovered by his aid.' (Cite omitted.)" *Id.* at 67, 247 S.E. 2d 309.

The trial court's declaration of a lien in Cohan's favor was error. We note, however, that under our holding in *Covington*, Cohan may seek to recover the reasonable value of his services to the plaintiffs through the time his employment ended.

Reversed.

Judges WEBB and WELLS concur.