CLERK OF SUPERIOR COURT OF GUILFORD COUNTY v. GUILFORD BUILDERS SUPPLY CO., INC., AND BENJAMIN D. HAINES

No. 8718DC261

(Filed 20 October 1987)

*Attorneys at Law § 7.1— contingent fee agreement—issue as to whether attorney was discharged—summary judgment improper*

> In an action by an attorney to recover against his client under the terms of a contingent fee contract and to enforce an attorney's charging lien upon funds paid to the clerk of court by the client's debtor, summary judgment was improper where a genuine issue of fact existed as to whether the attorney was discharged by the client after judgment against the debtor was obtained but *before any part of the account was actually collected, or* whether he had never been discharged, and resolution of the disputed question was required before it could be determined whether the attorney was entitled to one-third of the judgment collected from the debtor, or to the reasonable value of his services as of the date of the discharge, or to an attorney's charging lien on the amounts paid into the clerk's office by the debtor.

APPEAL by defendant Guilford Builders Supply Co., Inc., from *Morton, Judge.* Judgment entered 16 January 1987 in District Court, GUILFORD County. Heard in the Court of Appeals 30 September 1987.

This case involves a dispute between an attorney and his client arising out of a contingent fee agreement. From the pleadings and discovery materials, it appears that for several years prior to 1978, defendant Haines, an attorney, had represented defendant Guilford Builders Supply Co., Inc. (Guilford) in connection with the collection of Guilford's past-due accounts receivable. Under the terms of an oral agreement between the parties, Haines was compensated for these collections on a contingent fee basis; he was paid one-fourth of all amounts he collected without filing suit and one-third of amounts collected in the event suit was necessary.

In January 1978, Haines filed suit on behalf of Guilford against Charles R. Hayes to recover a past-due account. Hayes retained counsel and defended the action. After a non-jury trial, a judgment in the amount of $14,457.92 was entered against Hayes and in favor of Guilford. Execution was issued on the judgment and was returned unsatisfied. Thereafter, Haines conducted supplemental proceedings before the Clerk of Superior Court and ex-

amined Hayes under oath concerning his property and assets. After determining that Hayes, at that time, owned no property from which the judgment might be satisfied, Haines advised Guilford of the information obtained through the supplemental proceeding and that the judgment would remain valid for ten years. He took no further action with respect to collection of the Hayes account.

In December 1982, Guilford employed the law firm of Tuggle Duggins Meschan and Elrod, P.A., to enforce collection of the judgment against Hayes. From September 1983 until January 1985, a total of $4,065.30 was paid into the office of the Clerk of Superior Court of Guilford County to be applied toward satisfaction of the judgment. In April 1986, Hayes paid the sum of $17,666.58 directly to Guilford in full satisfaction of the judgment. Both Guilford and Haines asserted claims to the $4,065.30 on deposit in plaintiff's office, Haines contending that he is entitled to an attorney's charging lien upon the funds.

Plaintiff brought this action requesting that Guilford and Haines be required to interplead and that their respective rights to the funds be determined. By his responsive pleading, Haines sought to recover against Guilford under the terms of the contingent fee contract and to enforce an attorney's charging lien upon the funds in plaintiff's hands. Guilford sought to recover the funds held by plaintiff, cancellation of its judgment against Hayes, and a declaratory judgment that Haines is entitled to compensation only for the reasonable value of his services rendered in connection with the suit against Hayes. Both Guilford and Haines moved for summary judgment. The trial court denied Guilford's motion, granted Haines' motion, and entered judgment for Haines in the amount of one-third of Guilford's recovery against Hayes. The judgment also directed that the funds held by plaintiff be disbursed to Haines in partial discharge of the judgment against Guilford. Guilford appeals.

*Tuggle Duggins Meschan & Elrod, P.A., by Thomas S. Thornton, Jr., Joseph F. Brotherton, and Robert A. Ford for defendant-appellant.*

*Benjamin D. Haines pro se.*

MARTIN, Judge.

Summary judgment *is appropriate only in those cases where* the materials before the court show that there is no genuine issue as to any material fact and that a party is entitled to judgment as a matter of law. G.S. 1A-1, Rule 56(c). An issue of fact is material if its resolution "would affect the result of the action." *City of Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 654, 268 S.E. 2d 190, 193 (1980), *quoting Koontz v. City of Winston-Salem*, 280 N.C. 513, 518, 186 S.E. 2d 897, 901 (1972). Although Haines and Guilford both claim to be entitled to summary judgment in the present case, their contentions clearly illustrate the existence of a genuine issue of fact. Guilford contends that Haines is not entitled to recover a contingent fee for collection of the Hayes account because he was discharged as Guilford's attorney before any part of the account was actually collected. According to Guilford's forecast of evidence, Haines was advised in December 1978 that Guilford had employed new counsel and that his services were no longer required. On the other hand, Haines testified at his deposition that he had never been discharged as Guilford's counsel in connection with the Hayes collection. He contends that, pursuant to the contingent fee agreement, he is entitled to one-third of the amount which Guilford collected from Hayes. In our view, the disputed question of whether Guilford discharged Haines as its attorney before collecting any part of the Hayes account is material to the resolution of this case and precludes disposition of the case by summary judgment.

The use of contingent fee contracts for compensation of attorneys has been expressly approved in North Carolina, *High Point Casket Co. v. Wheeler*, 182 N.C. 459, 109 S.E. 378, 19 A.L.R. 391 (1921), except when such a fee contract would be in direct contravention of the public policy of this State. *Thompson v. Thompson*, 70 N.C. App. 147, 319 S.E. 2d 315 (1984), *rev'd on other grounds and remanded*, 313 N.C. 313, 328 S.E. 2d 288 (1985) (domestic action). In *High Point Casket Co., supra*, the Court held that a contingent fee contract amounted to, "at least, an equitable assignment of the judgment *pro tanto*," *Id.* at 462, 109 S.E. at 380, 19 A.L.R. at 393-94, but the attorney's equitable interest has been held not to attach until the case is "prosecuted to a favorable judgment or settled *by the contracting attorney*." *Covington v. Rhodes*, 38 N.C. App. 61, 65, 247 S.E. 2d 305, 308 (1978), *disc. rev.*

*denied,* 296 N.C. 410, 251 S.E. 2d 468 (1979) (emphasis original), *quoting Potts v. Mitchell,* 410 F. Supp. 1278, 1282 (W.D.N.C. 1976). In the present case, however, Haines' entitlement to an attorney's fee was not contingent upon obtaining a judgment in favor of Guilford. Haines was employed to effect collection of Guilford's past due accounts receivable. "[T]he primary objective of a suit on a money demand is the collection of the debt. The obtaining of judgment is merely a necessary step to that end." *Harrington v. Buchanan,* 222 N.C. 698, 700, 24 S.E. 2d 534, 536 (1943). The contingent fee contract provided for compensation only in the event of collection; neither party contends otherwise. Thus, Haines is not entitled to enforce the contract merely because he obtained a judgment on behalf of Guilford; he could acquire no equitable rights thereunder until collection actually occurred.

In *Covington v. Rhodes, supra,* a panel of this Court adopted the modern rule that an attorney employed pursuant to a contingent fee contract who is discharged before completion of the matter for which he was employed can recover only the reasonable value of his services as of the date of discharge, regardless of whether the discharge is with or without cause. *Id.* The Court explained that the special relationship of trust and confidence which must exist between attorney and client demands that the client must be able to terminate the relationship at will, with or without cause. "Such a discharge does not constitute a breach of contract for the reason that it is a basic term of the contract, implied by law into it by reason of the special relationship between the contracting parties, that the client may terminate the contract at will." *Id.* at 65, 247 S.E. 2d at 308, *quoting Fracasse v. Brent,* 6 Cal. 3d 784, 791, 100 Cal. Rptr. 385, 389, 494 P. 2d 9, 13 (1972). *See also O'Brian v. Plumides,* 79 N.C. App. 159, 339 S.E. 2d 54, *cert. denied,* 318 N.C. 409, 348 S.E. 2d 805 (1986). The court noted as well that a client's discharge of his attorney "on the courthouse steps" after completion of all but a minor part of the work required might justify a finding that the reasonable value of the attorney's services was equal to the entire fee to which he would have been entitled under the contract. *Covington, supra,* at 66, 247 S.E. 2d at 309. Under the foregoing rules, if Haines was, in fact, discharged after obtaining a judgment for Guilford, but prior to its satisfaction, he would be entitled to recover, upon Guilford's subsequent collection of the debt evidenced by the judgment, the

reasonable value of the services which he rendered in Guilford's behalf.

The outcome is different, however, if Haines was not actually discharged by Guilford. If he was not so discharged, then the attorney-client relationship continued to exist up to and including the time during which Hayes made payments in satisfaction of the judgment against him. This being the case, and because Hayes was making payments to satisfy a judgment obtained by Haines, the contingency would have occurred during the existence of the attorney-client relationship and Haines' equitable rights under the contingent fee contract would attach. *High Point Casket Co., supra; Covington, supra.* Accordingly, Haines would be entitled to recover his full fee under the contingent fee contract. A determination of whether or not Haines was discharged, then, is a material issue of fact in determining the amount to which Haines is entitled by reason of his representation of Guilford in connection with the Hayes account.

We reject Guilford's argument that, because he completed his last work under the contract in 1978, Haines' claim is barred by the three-year statute of limitations. G.S. 1-52(1). Obviously, if Haines was never discharged by Guilford, no cause of action for his fee could accrue until the occurrence of the event upon which the fee was contingent. Moreover, we agree with the holding of the California Supreme Court in *Fracasse v. Brent, supra,* that the attorney's action for the reasonable value of his services upon termination of employment under a contingent fee contract does not accrue until the occurrence of the contingency stated in the contract. The California Court stated two reasons for its holding:

> First, one of the significant factors in determining the reasonableness of an attorney's fee is "the amount involved and the result obtained." [citation omitted] It is apparent that any determination of the "result obtained" is impossible, and any determination of the "amount involved" is, at best, highly speculative [citation omitted] until the matter has finally been resolved. Second, and perhaps more significantly, we believe it would be improper to burden the client with an absolute obligation to pay his former attorney regardless of the outcome of the litigation. The client may and often is very likely to be a person of limited means for whom the con-

tingent fee arrangement offers the only realistic hope of establishing a legal claim. Having determined that he no longer has the trust and confidence in his attorney necessary to sustain that unique relationship, he should not be held to have incurred an absolute obligation to compensate his former attorney. Rather, since the attorney agreed initially to take his chances on recovering any fee whatever, we believe that the fact that the success of the litigation is no longer under his control is insufficient to justify imposing a new and more onerous burden on the client. Hence, we believe that the attorney's action for reasonable compensation accrues only when the contingency stated in the original agreement has occurred . . . . It follows that the attorney will be denied compensation in the event such recovery is not obtained.

*Id.* at 792, 100 Cal. Rptr. at 390, 494 P. 2d at 14. Accordingly, whether he was discharged or not, Haines' right to recover under the contingent fee contract did not accrue until occurrence of the contingency, i.e., the collection of monies due on the Hayes account, which was within three years of filing suit.

A determination of whether or not Haines was discharged is also material to a determination of whether he is entitled to assert an attorney's charging lien on the amounts paid into the Clerk's office by Hayes. There is little North Carolina authority concerning the attorney's charging lien; only two cases appear to have dealt with the subject at all. *See Dillon v. Consolidated Delivery*, 43 N.C. App. 395, 258 S.E. 2d 829 (1979); *Covington v. Rhodes, supra.* "The charging lien is an equitable lien which gives an attorney the right to recover his fees 'from a fund recovered by his aid.'" *Covington, supra,* at 67, 247 S.E. 2d at 309, *quoting* 7 Am. Jur. 2d, Attorneys at Law § 324. "It is said that an attorney's charging lien attaches to the fruits of his skill and labor. If the attorney's work is sterile and produces no fruit, then he has no lien." 7 Am. Jur. 2d, Attorneys at Law § 339 (citations omitted). As we have already noted, until money was actually collected from Hayes, Haines' work had not "borne fruit" and he had no right to recover any fee from Guilford. There was nothing, therefore, to which Haines' lien could attach until Hayes paid on the judgment. It follows, then, that if Haines was not discharged by Guilford and the attorney-client relationship continued, a

charging lien to the extent of his fee could attach to the money paid into the Clerk's office by Hayes. On the other hand, if Haines was discharged before occurrence of the contingency, no lien could have attached because "an attorney cannot attach a lien to a fund recovered after his discharge or withdrawal, since at that time the fund would not be ' "recovered by his aid" (Cite omitted.)'." *Dillon, supra,* at 396, 258 S.E. 2d at 830, *quoting Covington, supra,* at 67, 247 S.E. 2d at 309.

Because a genuine issue of material fact exists, summary judgment was improperly entered for Haines. This case must be remanded for resolution of the issue of whether, and at what point in time, Guilford actually discharged Haines, and a determination, based thereon, of the amount of compensation to which Haines is entitled.

Reversed and remanded.

Judges WELLS and EAGLES concur.