DAVID H. HOWELL, JR., PLAINTIFF v. DOROTHY MARIE HOWELL, DEFEND-
ANT, AND HORACE M. DUBOSE, III, INTERVENOR

No. 8727DC898

(Filed 1 March 1988)

**Appeal and Error § 6.2— motion to intervene for attorney's fees—interlocutory appeal**

An appeal from the denial of an attorney's motion for a charging lien and to intervene in the underlying domestic action was dismissed as interlocutory because there had been no determination that the client was entitled to alimony *pendente lite* at the time the motion was filed, so that appellant was not yet entitled to attorney's fees under N.C.G.S. § 50-16.4; a charging lien is not available until there is a final judgment or decree to which the lien can attach; appellant is not entitled to intervene as of right; and the refusal to grant permissive intervention is an interlocutory order.

APPEAL by movant, attorney Horace M. DuBose, III, from *Langson (Larry), Judge.* Orders entered 14 April 1987 and 27 April 1987 in District Court, GASTON County. Heard in the Court of Appeals 10 February 1988.

DuBose represented defendant on her counterclaims for alimony, equitable distribution and attorney's fees in a divorce action filed by plaintiff. On behalf of defendant, DuBose moved for summary judgment on the issue of alimony *pendente lite* and for attorney's fees on 6 November 1986. On or about 13 November 1986, defendant discharged DuBose as her attorney and obtained other counsel. On 4 December 1986, DuBose filed a notice of claim of an attorney's charging lien, and on 9 January 1987, he filed a motion to intervene pursuant to G.S. 1A-1, Rule 24(a) for the purpose of protecting the charging lien and securing attorney's fees. On 14 April 1987, an order was entered for matters done in open court on 9 January 1987. The 14 April order denied DuBose's request for attorney's fees as premature and ordered the notice of claim of a charging lien stricken since no judgment or order had been entered to which a lien could attach. On 27 April 1987, DuBose's motion to intervene was denied. DuBose appeals.

*Richard L. Voorhees and Michael K. Hodnett for plaintiff-appellee.*

*Joseph B. Roberts, III, and Horace M. DuBose, III, for intervenor-appellant.*

SMITH, Judge.

Appellant brings forward several assignments of error and makes three basic arguments in support of his position that the trial court should be reversed. First, he contends the trial court erred by denying his application for attorney's fees and expenses. By his second argument, he asserts the trial court erred by striking his notice of claim of an attorney's charging lien. Third, he contends the trial court erred in denying his motion to intervene as of right. In an assignment of error relating to a procedural matter, he assigns error to the trial court's decision to include in the record on appeal the answers to certain requests for admissions filed after notice of appeal was given. We conclude the appeal is interlocutory and dismiss the appeal without addressing the assignments of error.

"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court . . . to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E. 2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E. 2d 429 (1950). *Accord McKinney v. Royal Globe Insur. Co.*, 64 N.C. App. 370, 307 S.E. 2d 390 (1983). There is no right to appeal from an interlocutory order unless it affects a substantial right and will result in injury if not reviewed before final judgment. G.S. 1-277(a); G.S. 7A-27(d); *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978). *Accord Fraser v. Di Santi*, 75 N.C. App. 654, 331 S.E. 2d 217, *disc. rev. denied*, 315 N.C. 183, 337 S.E. 2d 856 (1985). If appellant's rights "would be fully and adequately protected by an exception to the order that could then be assigned as error on appeal after final judgment," there is no right to an immediate appeal. *Bailey v. Gooding*, 301 N.C. 205, 210, 270 S.E. 2d 431, 434 (1980); *Waters v. Personnel, Inc., supra.*

In this case, the orders from which appellant seeks to appeal are interlocutory and do not affect a substantial right of appellant. The denial of attorney's fees under G.S. 50-16.4 was not a final order of the trial court. At the time appellant's motion was filed, there had been no determination that his client, defendant, was entitled to alimony *pendente lite* under G.S. 50-16.3. Thus, appellant was not yet entitled to attorney's fees under G.S. 50-16.4. The court did not refuse to make a determination whether or not appellant was entitled to attorney's fees but merely stated his claim was "premature." Appellant may appeal the denial of his motion after final judgment or may bring a separate lawsuit to collect fees. Thus, no substantial right of appellant is affected by our failure to entertain the interlocutory appeal on this issue.

Similarly, the ruling on the attorney's charging lien was not a final order. A charging lien is not available until there is a final judgment or decree to which the lien can attach. *Dillon v. Consolidated Delivery, Inc.*, 43 N.C. App. 395, 258 S.E. 2d 829 (1979); *Covington v. Rhodes*, 38 N.C. App. 61, 247 S.E. 2d 305 (1978), *disc. rev. denied*, 296 N.C. 410, 251 S.E. 2d 468 (1979). The trial court noted that "at this point in the proceedings" a charging lien was not appropriate since no final judgment had been entered in the underlying divorce action. Thus, the order was interlocutory. Again, appellant may either appeal from a final order or bring a

separate action to recover fees. Thus, his rights are protected despite our refusal to entertain the appeal on this issue. We note, however, that even after a final judgment in the divorce action appellant will not be entitled to an attorney's charging lien.

> The charging lien is an equitable lien which gives an attorney the right to recover his fees "from a fund recovered by his aid." 7 Am. Jur. 2d, Attorneys at Law, Sec. 281. The charging lien attaches not to the cause of action, but to the judgment at the time it is rendered. *Id.* Sec 296. At the time when this purported charging lien would have attached, the time of judgment in favor of defendant[ ]. . . , the judgment was not a fund recovered by [appellant's] aid, as he had been discharged. [Appellant] was entitled to no interest in the fund.

*Covington v. Rhodes*, 38 N.C. App. at 67, 247 S.E. 2d at 309. *Accord Clerk of Superior Court of Guilford County v. Guilford Builders Supply Co.*, 87 N.C. App. 386, 361 S.E. 2d 115 (1987), *disc. rev. denied*, 321 N.C. 471, 364 S.E. 2d 918 (1988).

The denial of appellant's motion to intervene is also an interlocutory order. Although appellant has moved to intervene as of right, he is not entitled to do so. He has no statutory right of intervention. G.S. 1A-1, Rule 24(a)(1). Further, he is not entitled to intervene as of right under G.S. 1A-1, Rule 24(a)(2). *Ellis v. Ellis*, 38 N.C. App. 81, 247 S.E. 2d 274 (1978). There are three prerequisites to nonstatutory intervention as a matter of right: "(1) an interest relating to the property or transaction; (2) practical impairment of the protection of that interest; and (3) inadequate representation of that interest by existing parties." *Id.* at 83, 247 S.E. 2d at 276. At best, appellant sought permissive intervention under G.S. 1A-1, Rule 24(b). The refusal to grant permissive intervention is an interlocutory order. *Horne v. Horne*, 205 N.C. 309, 171 S.E. 92 (1933). As noted above, appellant may either bring a separate action regarding his fees or appeal from a final order. No substantial right is affected by our failure to consider the interlocutory appeal.

Appeal dismissed.

Chief Judge HEDRICK and Judge BECTON concur.