PRITCHETT & BURCH, PLLC, Plaintiff v. REBECCA H. BOYD, W.B. LONG,
JOHN HUNTER DAILEY, and OLIVIA DAILEY ALBERTI, Defendants

No. COA04-420

(Filed 15 March 2005)

**1. Attorneys; Contracts— breach of contract—discharged attorney—costs—summary judgment**

The trial court did not err in an action arising out of a contingency fee contract to perform legal services and for representation during a caveat proceeding by awarding summary judgment in favor of defendants on plaintiff discharged law firm's claim for breach of contract and by denying plaintiff's motion for summary judgment on this claim, because: (1) although plaintiff contends defendants are contractually obligated to pay plaintiff thirty-three and one-third percent of the settlement amount even though the written settlement agreement was never executed by defendants, plaintiff presents no authority to support its argument; (2) the legal services contract is silent on whether defendants agreed to pay costs independent of the outcome at trial, and any ambiguity in the contract is to be construed against plaintiff, the drafting party; and (3) plaintiff presented no case authority to support its argument that defendants were contractually obligated to reimburse costs plaintiff incurred on their behalf.

**2. Quantum Meruit— contingency fee contracts between attorney and client—attorney discharged—attorney fees**

The trial court erred in an action arising out of a contingency fee contract to perform legal services and for representation during a caveat proceeding by awarding summary judgment in favor of plaintiff law firm on its quantum meruit claim for attorney fees, and the case is remanded for entry of summary judgment in favor of defendants because although in contingency fee contracts between an attorney and client quantum meruit permits a claim for and an award of attorney fees and costs once the client discharges the attorney, plaintiff is not entitled to recover fees under quantum meruit since there was no settlement or judgment in favor of defendants which was the contingency specified in the attorney fee contract.

3. **Quantum Meruit— contingency fee contracts between attorney and client—attorney discharged—costs and expenses**

The trial court did not err in an action arising out of a contingency fee contract to perform legal services and for representation during a caveat proceeding by awarding summary judgment in favor of plaintiff law firm on its quantum meruit claim for costs and expenses advanced by plaintiff to defendants because: (1) the North Carolina Rules of Professional Conduct in effect during the pendency of this case prohibited a lawyer from advancing court costs unless the client remains ultimately liable for such costs and expenses; and (2) plaintiff cannot be liable for costs even in a contingency fee contract.

Appeal by plaintiff and cross-appeal by defendants from judgment entered 15 December 2003 by Judge Quentin T. Sumner in Bertie County Superior Court. Heard in the Court of Appeals 2 December 2004.

*Pritchett & Burch, PLLC, by Lloyd C. Smith, Jr., and Lars P. Simonsen, for plaintiff-appellant/cross-appellee.*

*The Blount Law Firm, P.A., by Marvin K. Blount, Jr., Rebecca Cameron Blount, and Harry H. Albritton, Jr., for defendants-appellees/cross-appellants.*

TYSON, Judge.

Pritchett & Burch, PLLC ("plaintiff") appeals from the trial court's judgment awarding summary judgment to Rebecca H. Boyd ("Boyd"), W.B. Long ("Long"), John Hunter Dailey ("Dailey"), and Olivia Dailey Alberti ("Alberti") (collectively, "defendants") on its breach of contract claim. Defendants' cross-appeal the award of summary judgment for plaintiff on its *quantum meruit* claim. We affirm in part, reverse in part, and remand.

I. Background

In 1998, defendants entered into a contingency fee contract with plaintiff to perform legal services and to represent them in a caveat proceeding involving the purported Last Will and Testament of Francis M. Barnes ("Barnes"), deceased, a native of Martin County. The parties executed an employment contract in which defendants

agreed to pay plaintiff a contingent fee in the amount of thirty-three percent of "any settlement, verdict or recovery" from the caveat.

### A. The Initial Action

Barnes died purportedly testate on or about 17 October 1996. Defendants contested the propounded Last Will and Testament of Barnes dated 22 November 1989 ("the 1989 Will"). Defendants are named beneficiaries under an earlier Last Will and Testament of Barnes dated 25 May 1967 ("the 1967 Will").

On 21 September 1998, plaintiff filed a caveat to the 1989 Will on behalf of defendants. Plaintiff conducted discovery, including taking numerous depositions in and outside of North Carolina. Plaintiff advanced costs incurred for conducting those depositions. Plaintiff, as defendants' agent, also retained the services of a certified public accountant, Richard Cox ("Cox"), to conduct an audit of Barnes's estate and trust. Cox performed the audit and issued a memorandum of his findings. Plaintiff advanced payment for Cox's services.

The propounders of the 1989 Will moved for summary judgment. The motion was calendared for hearing on 1 September 2000. At the hearing, the parties entered into settlement negotiations, which plaintiff alleges resulted in a settlement agreement. The settlement terms were reduced to writing and signed by: (1) William W. Pritchett, Jr., ("Pritchett"), a member of the plaintiff law firm; (2) the propounders of the 1989 Will; and (3) the presiding trial judge. Plaintiff contends that defendants accepted the settlement. Defendants did not sign the agreement and deny they agreed to the settlement offer.

Under the "settlement" terms, Barnes's estate agreed to pay a total amount of $1,200,000.00 to defendants. Based on the agreement, $332,053.67 was to be paid to plaintiff: $300,000.00 in attorney's fees and $32,053.67 in advanced costs and expenses.

On or about 20 September 2000, defendants notified plaintiff that they refused to sign the Settlement Agreement and discharged plaintiff from further representation. Defendants retained the services of The Blount Law Firm to represent them further in the caveat proceeding.

The propounders of the 1989 Will moved to enforce the settlement agreement purportedly agreed to by the parties on 1 September 2000. Following a hearing, the trial court denied the propounders' motion by order entered 24 January 2001. Although Pritchett testified

at that hearing, neither plaintiff nor Pritchett joined the motion to enforce or were parties to the caveat proceeding.

Defendants, now represented by The Blount Law Firm, tried the caveat proceeding before a jury on 29 January 2001. The jury found that the 1989 Will was invalid due to Barnes's lack of testamentary capacity at the time she executed the Will. Defendants proceeded to probate in solemn form the 1967 Will wherein they were named beneficiaries. The jury rendered a verdict that Barnes had revoked the 1967 Will. Defendants recovered nothing from the Barnes's estate and exhausted all appeals. The jury's verdict was favorable to defendants on the 1989 Will, but adverse to defendants on the 1967 Will. The jury's verdict determined Barnes died intestate. That determination became the final judgment in the underlying case, after all appeals were exhausted.

### B. The Present Action

On 13 September 2002, plaintiff filed a complaint against defendants and alleged claims for breach of contract and *quantum meruit*. Defendants moved to dismiss for plaintiff's failure to state a claim pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. After plaintiff moved for summary judgment and attached supporting documents, defendants also moved for summary judgment.

According to the affidavit of plaintiff's bookkeeper and office manager, Virginia Jenkins, attorney Pritchett expended 160.22 hours representing defendants in the underlying caveat proceeding. Pritchett customarily charged an hourly rate of $175.00. Travis Ellis, an associate with plaintiff, expended 15.5 hours on the case and customarily billed an hourly rate of $115.00. Various paralegals and members of plaintiff's staff also worked in the case, including May Robertson, who spent 4.25 hours on the case and was billed at an hourly rate of $85.00.

Plaintiff also advanced costs on behalf of defendants in the prosecution of the caveat proceeding. Virginia Jenkins's uncontradicted affidavit shows that plaintiff advanced $32,689.90 in costs and expenses on behalf of defendants, including: (1) expert witness fees paid to Cox, CPA, in the amount of $29,090.50; (2) court reporter costs of $2,549.45; (3) filing fees of $35.00; and (4) $1,014.95 for business meals and travel by Pritchett and other members of the firm.

The trial court granted summary judgment for defendants on plaintiff's breach of contract claim and granted summary judgment for plaintiff on its *quantum meruit* claim in the amount of $62,872.15. The trial court concluded "the hourly rates charged by the plaintiff for the work of its partners, associates and paralegals are hourly rates that are regularly and customarily charged by attorneys with similar experience and expertise and are reasonable hourly rates . . . ." The trial court also concluded the "expenses advanced by plaintiff for defendants were reasonable and necessary expenses which were incurred on behalf of and for the benefit of defendants." Both parties appeal.

## II. Issues

We must determine whether the trial court erred by: (1) granting summary judgment for defendants on its discharged attorney's claim for breach of contract; and (2) granting summary judgment for plaintiff on its *quantum meruit* claim.

## III. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003).

> A defendant may show entitlement to summary judgment by (1) proving that an essential element of the plaintiff's case is non-existent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense . . . . Once the party seeking summary judgment makes the required showing, the burden shifts to the non-moving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial.

*Draughon v. Harnett Cty. Bd. of Educ.*, 158 N.C. App. 705, 708, 582 S.E.2d 343, 345 (2003), *aff'd*, 358 N.C. 137, 591 S.E.2d 520, *reh'g denied*, 358 N.C. 381, 597 S.E.2d 129 (2004) (internal citations and quotations omitted).

## IV. Breach of Contract

**[1]** Plaintiff contends the trial court erred in granting summary judgment for defendants and denying its motion for summary judgment on its claim for breach of contract. We disagree.

### A. Settlement Agreement

Plaintiff argues defendants are contractually obligated to pay plaintiff thirty-three and one-third percent of the "settlement" amount even though the written settlement agreement was never executed by defendants. In its brief, the only authority cited regarding this assignment of error is *Clerk of Superior Court of Guilford County v. Guilford Builders Supply Co.*, 87 N.C. App. 386, 361 S.E.2d 115 (1987), *disc. rev. denied*, 321 N.C. 471. 364 S.E.2d 918 (1988), which plaintiff concedes is contrary to its argument and attempts to distinguish. We are bound by prior decisions of this Court. *In the Matter of Appeal from the Civil Penalty*, 324 N.C. 373, 379 S.E.2d 30 (1989).

Plaintiff presents no authority to support its argument in violation of the mandatory requirements of our appellate rules. *See* N.C.R. App. P. 28(b)(6) (2004); *Holland v. Heavner*, 164 N.C. App. 218, 595 S.E.2d 224, 226 (2004) (holding that appellate rules are mandatory and " 'failure to follow [them] will subject an appeal to dismissal' ") (quoting *Steingress v. Steingress*, 350 N.C. 64, 65, 511 S.E.2d 298, 299 (1999) (citations omitted)). Plaintiff's assignment of error that defendants accepted the terms of the settlement is dismissed. N.C.R. App. P. 28(b)(6); *see State v. Walters*, 357 N.C. 68, 85-86, 588 S.E.2d 344, 355, *cert. denied*, 540 U.S. 971, 157 L. Ed. 2d 320 (2003); *Byrne v. Bordeaux*, 85 N.C. App. 262, 265, 354 S.E.2d 277, 279 (1987) (citing *Groves & Sons v. State*, 50 N.C. App. 1, 273 S.E.2d 465 (1980), *cert. denied*, 302 N.C. 396, 279 S.E.2d 353 (1981)).

### B. Costs

Plaintiff cites *Scott v. United Carolina Bank*, 130 N.C. App. 426, 503 S.E.2d 149 (1998), *disc. rev. denied*, 350 N.C. 99, 528 S.E.2d 584 (1999), in support of its claim that defendants should be held responsible for costs it advanced to Cox. *Scott* states, "[a]n agent acting within the scope of his authority is not liable upon a contract made for his principal, absent an agreement to be bound by the contract." 130 N.C. App. at 434, 503 S.E.2d at 154 (citations omitted). Here, the legal services contract is silent on whether defendants agreed to pay costs independent of the outcome at trial. Any ambiguity in the contract is to be construed against plaintiff, the drafting party. *See*

*NovaCare Orthotics & Prostetics East, Inc. v. Speelman*, 137 N.C. App. 471, 476, 528 S.E.2d 918, 921 (2000). Plaintiff presents no case authority to support its argument that defendants were contractually obligated to reimburse costs plaintiff incurred on their behalf.

Aside from an attorney's ethical requirements, discussed below, plaintiff failed to forecast material facts or questions of law to support a breach of contract claim regarding costs. This assignment of error is dismissed.

### V. *Quantum Meruit*

**[2]** Defendants contend the trial court erred in granting summary judgment for plaintiff on the issue of *quantum meruit*. We disagree.

> *Quantum meruit* is a measure of recovery for the reasonable value of services rendered in order to prevent unjust enrichment. It operates as an equitable remedy based upon a quasi contract or a contract implied in law. A *quasi* contract or a contract implied in law is not a contract. An implied contract is not based on an actual agreement, and *quantum meruit* is not an appropriate remedy when there is an actual agreement between the parties. Only in the absence of an express agreement of the parties will courts impose a *quasi* contract or a contract implied in law in order to prevent an unjust enrichment.

*Paul L. Whitfield, P.A. v. Gilchrist*, 348 N.C. 39, 42, 497 S.E.2d 412, 414-15 (1998). Generally, *quantum meruit* is unavailable as a remedy where an express agreement exists between the parties. *See Maxwell v. Michael P. Doyle, Inc.*, 164 N.C. App. 319, 328, 595 S.E.2d 759, 765 (2004) ("Recovery in *quantum meruit* is not, in any event, available when, as here, there is an express contract.").

In contingency fee contracts between an attorney and client, once the client discharges the attorney, *quantum meruit* permits a claim for and an award of attorney's fees and costs. *See Randolph v. Schuyler*, 284 N.C. 496, 502, 201 S.E.2d 833, 837 (1974). This Court has stated

> [a] contract for legal services is not like other contracts. The client has the right to discharge his attorney at any time, and it is our view that upon such discharge the attorney is entitled to recover the reasonable value of the services he has already provided. As the New York Court noted in *Martin v. Camp*, [219 N.Y. 170, 114 N.E. 46 (1916)]: "The rule secures to the attorney the

right to recover the reasonable value of the services which he has rendered, and is well calculated to promote public confidence in the members of an honorable profession whose relation to their clients is personal and confidential." *Id.* at 176, 114 N.E. at 48.

*Covington v. Rhodes*, 38 N.C. App. 61, 66, 247 S.E.2d 305, 309 (1978). "[A] claim by an attorney who has provided legal service pursuant to a contingency fee agreement and then fired has a viable claim in North Carolina in *quantum meruit* against the former client or its subsequent representative." *Guess v. Parrott*, 160 N.C. App. 325, 331, 585 S.E.2d 464, 468 (2003).

### A. Attorneys Fees

Defendants argue that plaintiff was not entitled to recover attorney's fees under the theory of *quantum meruit* because defendants never settled or received a favorable judgment. "It is the skill, diligence, ability, experience, judicial knowledge, and judgment of the attorney that is thereby rewarded, and the performance of duties that require no such qualities is wholly insufficient to sustain such fee as the true measure of such services can be ascertained on a *quantum meruit.*" *Randolph*, 284 N.C. at 502, 201 S.E.2d at 836 (1974) (quoting *Dorr v. Camden*, 55 W.Va. 226, 46 S.E. 1014 (1904); citing 7 C.J.S., Attorney and Client, § 186 b).

Recovery, however, is conditioned upon occurrence of the contingency specified in the attorney's fee contract. *Clerk of Superior Court of Guilford County*, 87 N.C. App. at 389, 361 S.E.2d at 118. In *Covington*, unlike defendants at bar, the former clients obtained a favorable recovery in the underlying action and satisfied the original fee schedule arrangement that was contingent upon prevailing in the matter. 34 N.C. App. at 66, 247 S.E.2d at 309. In *Clerk of Superior Court of Guilford County*, this Court explained:

[W]e believe it would be improper to burden the client with an absolute obligation to pay his former attorney regardless of the outcome of the litigation. The client may and often is very likely to be a person of limited means for whom the contingent fee arrangement offers the only realistic hope of establishing a legal claim. Having determined that he no longer has the trust and confidence in his attorney necessary to sustain that unique relationship, he should not be held to have incurred an absolute obligation to compensate his former attorney. Rather, since the attorney agreed initially to take his chances on recovering any fee whatever, we believe that the fact that the success of the litiga-

tion is no longer under his control is insufficient to justify imposing a new and more onerous burden on the client.

*Id.* at 390-91, 361 S.E.2d at 118 (quoting *Fracasee v. Brent*, 6 Cal.3d 784, 792, 100 Cal. Rptr. 385, 390, 494 P.2d 9, 14 (1972)); *see also Rosenberg v. Levin*, 409 So.2d 1016, 1022 (Fla. S. Ct. 1982) ("[I]n contingency fee cases, the cause of action for *quantum meruit* arises only upon the successful occurrence of the contingency. If the client fails in his recovery, the discharged attorney will similarly fail and recover nothing."). Here, since there was no settlement or judgment in favor of defendants—the contingency specified in the attorney's fee contract—plaintiff is not entitled to recover fees under *quantum meruit*.

The trial court erred by granting plaintiff's motion for summary judgment on the issue of *quantum meruit* for attorney's fees. As defendants obtained no recovery in the underlying caveat action, the contingency in the contract did not occur. We reverse that portion of the trial court's judgment awarding summary judgment on *quantum meruit* to allow plaintiff to recover attorney's fees and remand for entry of summary judgment for defendants on this issue.

Defendants' present attorneys have petitioned the estate in the underlying action pursuant to N.C. Gen. Stat. § 6-21(2) (2003), which states, "the court shall allow attorneys' fees for the attorneys of the caveators only if it finds that the proceeding has substantial merit." Our ruling above does not prejudice plaintiff's ability to seek fees from the estate. We do not express an opinion regarding plaintiff's entitlement to such fees.

### B. Costs Recovery Under *Quantum Meruit*

[3] Plaintiff asserts and defendants concede that at the time of this action, the North Caroline Rules of Professional Conduct prohibited a lawyer from advancing court costs unless "the client remains ultimately liable for such costs and expenses." *See Street v. Smart Corp*, 157 N.C. App. 303, 306, 578 S.E.2d 695, 698 (2003) (quoting Rev. R. Prof. Conduct N.C. St. B. 1.8(e), 2003 Ann. R. (N.C.) 625).

Here, *quantum meruit* is the proper remedy for plaintiff to seek to recover their expenses incurred in advancing the costs of litigation despite the fact defendants had no recovery in the underlying action. At oral argument, defendants conceded that Cox's deposition, taken by plaintiff, was presented at trial in the original action. Defendants

received the benefit of plaintiff's advancement of costs and must remain liable.

Based on our review of the Rules of Professional Conduct in effect during the pendency of this case, plaintiff cannot be liable for costs, even in a contingency fee contract. *See Street,* 157 N.C. App. at 306, 578 S.E.2d at 698. We hold the trial court did not err in awarding summary judgment for plaintiff on the issue of costs and expenses under the equitable doctrine of *quantum meruit.* Defendants' assignment of error on costs is overruled.

## VI. Conclusion

The trial court did not err in awarding summary judgment for defendants on plaintiff's claim for breach of contract. The trial court erred by awarding to plaintiff attorney's fees under the doctrine of *quantum meruit,* when defendants recovered nothing in the underlying action and plaintiff had and has failed to assert a remedy at law under N.C. Gen. Stat. § 6-21(2). Defendants are entitled to summary judgment on this issue. The trial court did not err by granting summary judgment for plaintiff on the issue of costs. Plaintiff was not allowed to advance those costs without defendants, as clients, remaining ultimately liable under ethics rules. The trial court's judgment is affirmed in part, reversed in part, and remanded for entry of summary judgment for defendants on plaintiff's claim for attorney's fees under *quantum meruit.*

Affirmed in part; Reversed in part; and Remanded.

Judges TIMMONS-GOODSON and GEER concur.