C. W. HIGGINS AND J. ERLE McMICHAEL, D/B/A HIGGINS & McMICHAEL,
v. KEITH M. BEATY.

(Filed 30 June, 1955.)

**1. Attorney and Client § 10—**

Where an attorney is employed to represent a client in specific matters at a specified fee, and before the matters are concluded, the attorney is discharged by the client without just cause, and the attorney remains ready, able and willing to comply with the contract, the attorney may recover of the client the full contract fee, and not merely the reasonable value of his services to the date of his discharge.

**2. Trial § 31e—**

The mere statement by the court of the valid contentions made by the respective parties, cannot be held for error as an expression of opinion by the court as to the credibility of the witness and weight of the evidence. G.S. 1-180.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Phillips, J.,* at September 20, 1954 Term, of FORSYTH.

Civil action to recover on contract for professional service in particular criminal prosecutions in Federal Courts.

Plaintiffs allege in their complaint, and upon trial in Superior Court offered evidence tending to show, summarily stated, that during the latter part of May, 1952, the plaintiffs, residents of Forsyth County, North Carolina, engaged in the general practice of law as partners under the firm name of Higgins & McMichael, and the defendant, resident of Mecklenburg County, North Carolina, "entered into a contract by which C. W. Higgins, one of the plaintiffs, would represent Keith M. Beaty and his brother E. M. Beaty in the trial of indictment against them in the District Court of the United States for the Western District of North Carolina, then pending in the Charlotte Division of said court; that it was agreed that defendant Keith M. Beaty would pay the firm of Higgins & McMichael the sum of $25,000.00 for their services as attorneys in the cases; that it was agreed that a retainer fee of $10,000.00 should be paid immediately, and that payments on the remaining $15,000.00 should be made from time to time as the preparations for trial proceeded and before trial"; that defendant, in partial compliance with the contract, paid the total sum of $7,500.00, leaving a balance of $17,500.00 due thereon; that for the 14 months succeeding the professional employment of plaintiffs, by defendant as aforesaid, C. W. Higgins spent approximately one-third of his time and incurred considerable expense in furtherance of plaintiff's under-

taking under the contract of employment with defendant; that on 11 August, 1953, defendant notified plaintiffs that he no longer intended to use their professional services—that he was terminating his contract with them; that plaintiffs have been at all times ready, willing, and able to comply with and complete the performance of their contract with defendant according its terms and every part thereof, and have so performed their part of said contract except in so far as they have been prevented from so doing by the termination and repudiation thereof by defendant.

And plaintiffs further allege that the termination of the contract by defendant was wrongful, without just cause or excuse, and in direct violation of the terms thereof; and that defendant is justly indebted to them in the sum of $17,500.00 which he unlawfully declines and refuses to pay after repeated demands made upon him for the payment thereof.

And upon the trial plaintiffs offered testimony of others which they contend corroborates their evidence in respect to matters alleged in the complaint; and plaintiffs further offered evidence tending to show that at the time defendant Keith M. Beaty was talking to them about employment defendant told Higgins that "they were claiming from him income tax and penalties and interest that amounted to $2,400,000.00"; that plaintiff Higgins appeared in trial of E. M. Beaty in District Court and in Circuit Court of Appeals; and that case against Keith M. Beaty had not been called for trial on 11 August, 1953, when defendant terminated the contract as aforesaid.

On the other hand, defendant, in answer filed, answering the allegations of the complaint, "admits: (1) that in May, 1952, he and his brother E. M. Beaty engaged the professional services of the plaintiff C. W. Higgins for the cases against the defendant and his brother in the District Court of the United States for the Western District of North Carolina, then pending in the Charlotte Division of the District"; (2) "that he paid to the plaintiff C. W. Higgins the total sum of $7,500.00"; (3) "that he notified the plaintiff C. W. Higgins that he did not desire his further services"; and (4) that "the plaintiffs have demanded that he pay them additional fees and that he has not complied with their demand." He denies all other allegations of the complaint, and avers, and upon trial in Superior Court testified in substance, that "the total sum of $7,500.00 . . . was the total amount of the fee agreed upon between him and the plaintiff C. W. Higgins for all of the services to be rendered by C. W. Higgins in the cases against the defendant and his brother."

The case was submitted to the jury upon these issues, which the jury answered as indicated:

"1. Did the plaintiffs and the defendant enter into the contract, as alleged in the complaint? Answer: 'Yes.'

"2. Did the defendant wrongfully breach said contract, as alleged in the complaint? Answer: 'Yes.'

"3. Were the plaintiffs ready, able and willing to comply with said contract, as alleged in the complaint? Answer: 'Yes.'

"4. What damages are plaintiffs entitled to recover of the defendant? Answer: '$17,500.00.' "

Judgment was entered in accordance with the verdict, and defendant excepted thereto and appeals to Supreme Court and assigns error.

*R. F. Crouse, T. C. Bowie, Jr., Wade E. Vannoy, Jr., for plaintiffs appellees.*

*McDougle, Ervin, Horack & Snepp for defendant appellant.*

WINBORNE, J.   Appellant in brief filed in this Court states only two questions as being involved on this appeal.

The first: "Where an attorney accepts employment to represent a client in specific matters at a specified fee, and before the matters are completed the attorney is discharged by the client, may the attorney recover of the client the full contract fee, or only the reasonable value of his services to the date of his discharge?"   While no North Carolina decision is cited, and we find none, treating of this particular subject, the majority of decided cases in other jurisdictions hold to the view that in such case in an action for breach of contract the correct measure of damages is the entire agreed fee.   Counsel for appellant concedes that this is true, but cites other cases holding that the measure of damages in such a case is the reasonable value of services rendered to the date of the discharge.

The theory of the trial in case in hand was in accordance with the rule first above stated.   And this Court holds that this is the sounder view.

In this connection text writers say that "Where the employment of an attorney is under an express valid contract stipulating for the compensation which the attorney is to receive for his services, such contract is, generally speaking, conclusive as to the amount of such compensation."   5 Am. Jur. 378, Attorney at Law Section 195.

Moreover, it seems to be held generally that an attorney, before he undertakes employment by a client, may contract with reference to compensation for his services; that no confidential relation then exists and the parties deal with each other at arm's length; that such contracts are not within the rule of presumption against the attorney which obtains in contracts between the attorney and client after the

relation has been established; that a contract made under such circumstances is as valid and unobjectionable as if made between other persons not occupying fiduciary relations, and who are, in all respects, competent to contract with each other. 5 Am. Jur. 356, Attorney at Law Section 159.

Again, we find it said: "If . . . the action is for damages for breach of the contract in which a definite compensation is fixed, the measure of recovery is . . . held to be the full contract price agreed upon . . . provided, in the case of an employment for a fixed time, that the attorney remained ready and willing to perform, and capable of doing so, during the period of the contract." 5 Am. Jur. 382, Attorney at Law Section 202.

The second question: "Did the trial court's statement of certain of plaintiff's contentions, as set out in the record, amount to the expression of an opinion as to the credibility of witnesses and weight of the evidence, which is prohibited by G.S. 1-180?" A reading of the record discloses that the trial judge stated contentions, not only those made by plaintiffs, but those made by the defendant. And there is nothing in the record and case on appeal to show that the contentions as stated by the judge were not actually made by the respective parties. Error in this respect is not made to appear.

Hence in the trial below, we find

No Error.

HIGGINS, J., took no part in the consideration or decision of this case.