CATHY SURLS O'BRIEN v. MICHAEL G. PLUMIDES

No. 8526SC580

(Filed 4 February 1986)

Attorneys at Law § 7— attorney discharged—compensation for reasonable value of services rendered

Where an attorney, employed under a fixed fee contract to render specific legal services, is discharged by his client prior to completion of the services for which he was employed, he is entitled to compensation for the reasonable value of the services rendered up to the time of his discharge, and the reasonable value of the services rendered is a question of fact to be determined in the light of the circumstances of each case.

APPEAL by plaintiff from *Snepp, Judge.* Judgment entered 5 March 1985 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 20 November 1985.

Plaintiff brought this civil action seeking recovery of fees which she paid to defendant attorney for legal representation of her fiance (now husband), John O'Brien. Plaintiff alleged that defendant breached his contract with her and, in the alternative, that defendant was discharged from employment and that the fee which he was paid exceeded the reasonable value of the services which he actually rendered. Defendant answered, denying that plaintiff is entitled to recover any amount.

Defendant moved for summary judgment, supported by his own affidavit. In opposition to the motion, plaintiff filed her own affidavit and one by John O'Brien. Although the affidavits are contradictory in many respects, the material facts are not in dispute. They show that John O'Brien was arrested in Mecklenburg County in the early morning hours of 17 August 1983 on felony charges and was placed in jail. Plaintiff contacted defendant to arrange for O'Brien's legal representation. Defendant appeared in district court on the morning of 17 August to seek a bond reduction. Due to the absence of the arresting officer, the hearing was not held. Defendant then consulted with the presiding judge and arranged for the hearing to be held at the afternoon session of court on the same day. At the afternoon hearing, defendant secured O'Brien's release on his own recognizance. According to defendant, he also began discussions with the district court judge relative to a plea in the case. After O'Brien's release, O'Brien and plaintiff met with defendant at his office, where plaintiff paid defendant $10,000.00 to represent O'Brien through proceedings in superior court, if necessary. On the next day, O'Brien decided that he desired to be represented by another attorney. He informed defendant and, by letter dated 24 August 1983, he discharged defendant from employment. Defendant did not perform any further services for O'Brien and refused demands made by O'Brien and plaintiff to return any portion of the fee. O'Brien was represented by another attorney and entered pleas of guilty in Mecklenburg County Superior Court on 12 January 1984.

The trial court entered summary judgment for defendant. Plaintiff appeals.

*Jean B. Lawson for plaintiff appellant.*

*Michael G. Plumides for defendant appellee.*

MARTIN, Judge.

Although plaintiff assigns error to the entry of summary judgment against her, she does not earnestly argue the issue as it relates to her claim for breach of contract. She contends, however, that she is entitled to recover a portion of the fee which she paid to defendant to the extent that it exceeds the reasonable value of the services which he rendered up to the time of his discharge from employment. We agree.

In *Higgins v. Beaty*, 242 N.C. 479, 88 S.E. 2d 80 (1955), our Supreme Court held that if an attorney employed under a fixed fee contract is discharged by his client, without cause, prior to the disposition of the case, the attorney is entitled to the full contract fee and not merely the value of the services which he provided. The decision in *Higgins* was based on the theory that the general law of contracts, and damages upon breach, applies to a contract for legal services. However, in *Covington v. Rhodes*, 38 N.C. App. 61, 247 S.E. 2d 305 (1978), *disc. rev. denied*, 296 N.C. 410, 251 S.E. 2d 468 (1979), this Court cited decisions following a modern trend and holding a client's discharge of his attorney is not a breach of contract.

> 'Such a discharge does not constitute a breach of contract for the reason that it is a basic term of the contract, implied by law into it by reason of the special relationship between the contracting parties, that the client may terminate the contract at will.' (Citation omitted.)

*Id.* at 65, 247 S.E. 2d at 308. Accordingly, this Court held that "[t]he client has the right to discharge his attorney at any time, and . . . upon such discharge the attorney is entitled to recover the reasonable value of the services he has already provided." *Id.* at 66, 247 S.E. 2d at 309.

> 'The rule secures to the attorney the right to recover the reasonable value of the services which he has rendered, and is well calculated to promote public confidence in the members of an honorable profession whose relation to their client is personal and confidential.' (Citation omitted.)

*Id.* Although *Covington* dealt with a contingent fee contract, we believe that the same rules are applicable to a fixed fee contract such as is involved in this case.

Moreover, since the decision in *Higgins*, our Supreme Court has implicitly adopted the modern rule. By order dated 30 April 1973, the Supreme Court approved the adoption of the North Carolina State Bar Code of Professional Responsibility (The Code). 283 N.C. 783 (1973). The Code, as amended in N.C.G.S. Rules (1984), applicable at all times relevant to this case, provides: "A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned." DR 2-109(A)(3). According to the Code, a lawyer withdraws from employment if "[h]e is discharged by his client." DR 2-109(B)(4). These provisions have been carried forward by the Rules of Professional Conduct of the North Carolina State Bar, which were approved by the Supreme Court on 7 October 1985. --- N.C. --- (1985). *See* Rules of Professional Conduct of the North Carolina State Bar, Rule 2.8(A)(3) and (B)(4). Neither the Code, nor its successor Rules of Professional Conduct, limit the applicability of these rules to contingent fee contracts. Although *Higgins* has not been expressly overruled, we do not believe that its holding reflects current North Carolina law.

Accordingly, we hold that where an attorney, employed under a fixed fee contract to render specific legal services, is discharged by his client prior to completion of the services for which he was employed, he is entitled to compensation for the reasonable value of the services rendered up to the time of his discharge. The reasonable value of the services rendered is a question of fact to be determined in the light of the circumstances of each case.

For the reasons stated, summary judgment for the defendant is reversed and this case is remanded to the Superior Court of Mecklenburg County for trial on the issue of the reasonable value of the services rendered by defendant up to the time of his discharge.

Reversed and remanded.

Chief Judge HEDRICK and Judge EAGLES concur.