ALLEN R. TEW, P.A., Plaintiff v. WILLIAM BROWN, Defendant

No. COA99-179

(Filed 7 December 1999)

**1. Attorneys— reasonableness of legal fees—fixed fee contract—prior to commencement of representation—burden on client**

Even though plaintiff-lawyer did not prove the reasonable value of his services, the trial court did not err in granting summary judgment in favor of plaintiff-lawyer with respect to the reasonableness of his legal fees because when an attorney and a client enter into a fixed fee contract prior to commencement of representation, no confidential relationship exists between the parties, the presumption of undue influence against the attorney does not apply, and defendant-client has the burden of proving the unreasonableness of the fee.

**2. Civil Procedure— grant of summary judgment—failure to rule on motion to amend answer—harmless error because unverified**

While it was error for the trial court to grant summary judgment in favor of plaintiff-lawyer in a case concerning the reasonableness of his legal fees without first ruling on defendant's motion to amend his pleadings under Rule 15(a), this error was harmless because the amended pleadings are unverified and the trial court may not consider an unverified pleading when ruling on a motion for summary judgment.

Appeal by defendant from order filed 29 October 1998 by Judge Albert A. Corbett, Jr., in Johnston County District Court. Heard in the Court of Appeals 26 October 1999.

*Tew & Atchison, P.A., by Allen R. Tew and Alexander R. Atchison, for plaintiff-appellee.*

*David S. Crump for defendant-appellant.*

GREENE, Judge.

William Brown (Defendant) appeals an order granting summary judgment in favor of Allen R. Tew, P.A. (Plaintiff).

Plaintiff, a law firm, represented Defendant in an incompetency and guardianship action involving Virginia O. Brown (Brown), Defendant's mother. Other relatives of Defendant contested the action. Plaintiff's verified pleadings allege Defendant and Plaintiff entered into a fee contract whereby Defendant would pay Plaintiff $150.00 per hour for attorney time and $75.00 an hour for staff time, plus costs, for representation in the competency and guardianship action. Defendant also agreed to pay a non-refundable retainer of $3,000.00, and Plaintiff would bill Defendant for any amount due that exceeded the retainer amount.

On 12 November 1997, Plaintiff mailed Defendant a bill for $8,901.69. On 5 December 1997, the superior court awarded Plaintiff a $2,000.00 attorney's fee for his representation of Defendant in the competency proceedings pursuant to N.C. Gen. Stat. § 35A-1116, which allows the clerk of court, in his discretion, to award attorney's fees in a competency action. The clerk of court ordered Brown to pay this fee. On 18 December 1997, Plaintiff filed suit against Defendant in the district court, seeking recovery of its $8,901.69 attorney's fee. Brown's estate then paid the $2,000.00 fee awarded by the clerk of court and Defendant made payments totaling $3,000.00, leaving a balance of $3,901.69.

Plaintiff included in its pleadings a statement providing the daily balance of Defendant's account and chargeable time slips stating the time spent and work done on Defendant's case.

Defendant filed a verified answer to Plaintiff's complaint on 3 March 1998, denying any indebtedness to Plaintiff. On 7 August 1998, Defendant filed a motion for leave to amend his answer, and the motion included an unverified amended answer. The unverified amended answer asserted as an affirmative defense that Plaintiff's fee was "excessive and unreasonable." On 17 August 1998, Plaintiff filed a motion for summary judgment.

On 22 October 1998, Defendant filed an affidavit, stating in pertinent part: Plaintiff "spent an unreasonable amount of time on numerous tasks" during the representation and billed Defendant "1-2 hours for reading an e[]mail" and five hours for discussing the case with Defendant when Plaintiff "never spent over one session of one hour in length discussing the case with [Defendant]"; Plaintiff's fees were "excessive"; and Defendant "pre-paid" Plaintiff $3,000.00 as an "initial retainer."

**TEW v. BROWN**

[135 N.C. App. 763 (1999)]

On 26 October 1998, the trial court granted Plaintiff's motion for summary judgment, and awarded Plaintiff $3,901.69. The trial court did not rule on Defendant's motion for leave to amend his answer.

**[1]** The dispositive issue is whether Defendant, in his affidavit, raised genuine issues of material fact with respect to the reasonableness of Plaintiff's legal fee.

Defendant argues Plaintiff had the burden to prove in this attorney fee collection case that its fee was reasonable and, because Plaintiff presented no evidence on this issue, the trial court erred in granting summary judgment for Plaintiff.

When an attorney enters into a contract for a fixed fee[1] with a client *after* the attorney's representation of the client has commenced, the attorney bears the burden of proving, in an action to recover fees under the contract, that the fees were "fair and reasonable."[2] *Stern v. Hyman*, 182 N.C. 422, 424, 109 S.E. 79, 80 (1921) (citations omitted), *overruled on other grounds, Rock v. Ballou*, 286 N.C. 99, 209 S.E.2d 476 (1974); *see Vernon, Vernon, Wooten, Brown & Andrews, P.A. v. Miller*, 73 N.C. App. 295, 298, 326 S.E.2d 316, 319 (1985) (attorney had burden of proving reasonableness of fee when contract was, presumably, entered into after commencement of representation). This is so because there is a presumption of undue influence when an attorney enters into a fee contract with a client during representation. 7A C.J.S. *Attorney & Client* § 346, at 682 (1980).

When an attorney and client enter into a fixed fee contract *prior to* commencement of representation, no confidential relationship exists between the parties and this "rule of presumption [of undue influence] against the attorney" does not apply.[3] *Higgins v. Beaty*,

1. A fixed fee can include either a set hourly rate or a set total fee.

2. Matters properly considered in determining whether the fees are reasonable include: (1) complexity of case; (2) amount involved; (3) responsibility of attorney; (4) time spent on case either in or out of the office; (5) years of experience of attorney; (6) previous experience attorney has in these types of matters; (7) trial time; (8) result of litigation; (9) benefits received by client; and (10) expenses incurred by attorney. 2 Robert L. Rossi, *Attorneys' Fees* § 13:13, at 311-12 (2nd ed. 1995). It is not necessary that other attorneys offer testimony that the fee is reasonable. *Rock v. Ballou*, 286 N.C. 99, 105, 209 S.E.2d 476, 479 (1974). "Neither is it a prerequisite to [a reasonableness finding] that the attorney introduce in[to] evidence a detailed, itemized statement of the time spent by him in rendering the service." *Id.*

3. The attorney, attempting to collect his fee due pursuant to a contract, has the burden of showing when the contract was made, *i.e.*, either before or during the representation.

242 N.C. 479, 481-02, 88 S.E.2d 80, 82-83 (1955), *declined to follow on other grounds, O'Brien v. Plumides,* 79 N.C. App. 159, 339 S.E.2d 54, *cert. dismissed,* 318 N.C. 409, 348 S.E.2d 805 (1986). The attorney, therefore, is not required to prove "the reasonable value of his services" in an action to recover fees under the contract, 7A C.J.S. *Attorney & Client* § 345, at 679, as the fee is presumed to be reasonable, *id.* § 346, at 681. The burden is on the defendant client to allege, in the form of an affirmative defense, and to prove the unreasonableness of the fee. 7A C.J.S. *Attorney & Client* § 346, at 681; *see Price v. Conley,* 21 N.C. App. 326, 328, 204 S.E.2d 178, 180 (1974) (defendant has burden of proving affirmative defense).

If the fee contract involves a contingent fee, whether made during the existence of the attorney-client relationship or prior to its inception, a somewhat different test applies. The attorney must show that the contract was " 'made in good faith, . . . without undue influence of any sort or degree[] and [that] the compensation . . . [is] absolutely just and fair.' " *Rock,* 286 N.C. at 104, 209 S.E.2d at 479 (quoting *Casket Co. v. Wheeler,* 182 N.C. 459, 467, 109 S.E. 378, 383 (1921)).

This case involves an attorney fee contract for a fixed sum which was entered into prior to any attorney-client relationship. There arises a presumption, therefore, that the fee charged was reasonable, and Defendant had the burden of showing at this summary judgment hearing that genuine issues of fact exist as to the reasonableness of the fee. Defendant's affidavit raises no genuine issue on this point. His statements that the fee was "excessive" and that Plaintiff "spent an unreasonable amount of time on numerous tasks" are nothing more than conclusions and do not raise an issue of fact. *Ward v. Durham Life Ins. Co.,* 90 N.C. App. 286, 289, 368 S.E.2d 391, 393 (1988) (trial court may not consider portions of affidavit stating affiant's legal conclusions) (citation omitted), *aff'd,* 325 N.C. 202, 381 S.E.2d 698 (1989). In any event, Defendant does not plead in his answer the affirmative defense of the unreasonableness of the fee and is barred from raising the issue. *Nationwide Mut. Insur. Co. v. Edwards,* 67 N.C. App. 1, 6, 312 S.E.2d 656, 660 (1984) (citation omitted) (failure to plead affirmative defense constitutes a waiver of defense).

[2] Defendant did raise as an affirmative defense that Plaintiff's fee was "excessive and unreasonable" in his unverified amended answer, and the trial court did not rule on Defendant's motion for leave to amend his answer prior to granting summary judgment in favor of Plaintiff. While it is error for the trial court to grant a motion for sum-

mary judgment without first ruling on a party's motion to amend its pleadings under Rule 15(a), *Carolina Builders v. Gelder & Associates*, 56 N.C. App. 638, 640, 289 S.E.2d 628, 629 (1982), this error is harmless when the amended pleadings are unverified because the trial court may not consider an unverified pleading when ruling on a motion for summary judgment. *Coble Cranes & Equipment Co. v. B&W Utilities, Inc.*, 111 N.C. App. 910, 913, 433 S.E.2d 464, 466 (1993) (citing *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E.2d 823 (1971)).

Defendant raises other issues on appeal to support his argument that summary judgment was not proper. We have carefully reviewed each of those arguments and reject them. Accordingly, the trial court's order for summary judgment is affirmed.

Affirmed.

Judges WALKER and TIMMONS-GOODSON concur.