**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-2010

ZEE COMPANY, INC.; R. C. CONRAD; ROBERT DODD; BENJAMIN
LUKOWSKI; BARRY OWINGS,

              Plaintiffs - Appellants,

        v.

WILLIAMS, MULLEN, CLARK & DOBBINS, P.C.,

              Defendant – Appellee,

        and

GE BETZ, INC.,

              Defendant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.    Anthony J. Trenga,
District Judge. (1:11-cv-00458-AJT-IDD)

Argued: September 18, 2013        Decided: October 18, 2013

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED**: Mark Andrew Dombroff, MCKENNA LONG & ALDRIDGE, LLP,
McLean, Virginia, for Appellants.   William Delaney Bayliss,
WILLIAMS MULLEN, Richmond, Virginia, for Appellee. **ON BRIEF**:
Thomas Barton Almy, Donald Weinberg, DOMBROFF, GILMORE, JAQUES &
FRENCH, McLean, Virginia, for Appellants.   Brendan D. O'Toole,

Joseph E. Blackburn, III, WILLIAMS MULLEN, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Williams, Mullen, Clark, & Dobbins, P.C. ("Williams Mullen" or "the firm") represented Zee Company, Inc. ("Zee Company") in a North Carolina state court action. After that representation ended, Zee Company[1] filed a complaint against Williams Mullen alleging claims of legal malpractice and constructive fraud arising from Williams Mullen's failure to communicate to Zee Company a pre-discovery settlement offer purportedly made by the opposing party in the state court action. Williams Mullen filed a counter-claim for breach of contract in light of Zee Company's failure to pay all of the attorney's fees and expenses for work the firm performed during the state court action. Zee Company now appeals from the district court's grant of summary judgment to Williams Mullen on Zee Company's claims, and from the judgment entered on a jury verdict in favor of Williams Mullen for the full amount of its counter-claim. For the reasons set forth below, we affirm the judgment of the district court.

---

[1] The plaintiffs-appellants in this case are Zee Company and four individual plaintiffs affiliated with Zee Company: R.C. Conrad, Robert Dodd, Benjamin Lukowski, and Barry Owings. The four individual plaintiffs were each named party defendants in the North Carolina state court action and are the former GE Betz, Inc. employees described in section I of this opinion. For simplicity, the opinion refers to all the plaintiffs-appellants collectively as "Zee Company."

3

I.

Williams Mullen defended Zee Company in a state court action brought by a business competitor, GE Betz, Inc. ("GE Betz"), alleging that Zee Company and former GE Betz employees violated certain terms of their employment agreements through their subsequent employment with Zee Company. As this litigation extended into its third year, rumors began to circulate that early in the proceedings, GE Betz had made a "walk-away settlement offer" through its attorney that Williams Mullen failed to communicate to Zee Company. This rumor contributed to a break down in the relationship between Zee Company and Williams Mullen, and eventually led Zee Company to terminate Williams Mullen's representation.[2]

Thereafter, Zee Company filed a complaint, later amended, in the United States District Court for the Eastern District of Virginia asserting that Williams Mullen's failure to communicate GE Betz's "walk-away settlement offer" constituted both legal malpractice and constructive fraud. The amended complaint alleged that if such an offer had been timely communicated to Zee Company, it would have accepted the offer and consequently

---

[2] Zee Company obtained new counsel in the state court action. That litigation resulted in a judgment against Zee Company for both damages and significant attorney's fees. An appeal from that judgment is pending with the North Carolina Court of Appeals. Its disposition does not affect the analysis of this case.

would not have incurred damages in the form of lengthy litigation resulting in unnecessary litigation-related expenses, costs, and attorney's fees.[3]

Williams Mullen denied the allegations and filed a counter-claim alleging that Zee Company breached the parties' contract for legal representation by failing to pay for some of the work that Williams Mullen performed in the state court action.

After extensive discovery, Williams Mullen moved for summary judgment on Zee Company's claims. For reasons discussed below, the district court granted that motion. Zee Co. v. Williams, Mullen, Clark & Dobbins, P.C., 871 F. Supp. 2d 498 (E.D. Va. 2012).

---

[3] The amended complaint also pled, in the alternative, separate claims against GE Betz for fraud and intentional interference with contractual relations. Those claims were based on the polar opposite theory from the cause of action pled against Williams Mullen: that a settlement offer was never actually made, but had been later falsely represented by GE Betz to Zee Company in order to poison the attorney-client relationship between Zee Company and Williams Mullen. Those claims were later dismissed and are not at issue in this appeal.

To the extent Williams Mullen contends on appeal that Zee Company is bound by allegations made as part of its alternative pleading against GE Betz, we do not agree. Zee Company was permitted to set out conflicting alternative theories in its complaint without one constituting an admission against the other. See Fed. R. Civ. P. 8(d)(2) ("A party may set out two or more statements of a claim . . . alternatively or hypothetically[.]"); Molsbergen v. United States, 757 F.2d 1016, 1019 (9th Cir. 1985) ("[A] policy which permits one claim to be invoked as an admission against an alternative or inconsistent claim would significantly restrict, if not eliminate, the freedom to plead inconsistent claims provided by" Rule 8(d)(2).) (citing prior version of rule).

The district court also granted partial summary judgment on Williams Mullen's counter-claim, finding that Zee Company was liable for breach of contract but concluding that, under North Carolina law, questions of fact existed as to the reasonableness of Williams Mullen's attorney's fees. The matter proceeded to trial, and the jury awarded Williams Mullen the entire amount sought as attorney's fees, $1,078,413.39.[4]

The district court then entered final judgment in favor of Williams Mullen. Zee Company noted a timely appeal, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

II.

Zee Company raises three issues on appeal: (1) whether the district court erred in granting Williams Mullen summary judgment on the malpractice and constructive fraud claims; and, (2) in the reasonable attorney's fees trial, (a) whether the district court abused its discretion in excluding Zee Company's expert witnesses, and (b) whether the district court abused its discretion in giving and denying several jury instructions.

---

[4] Zee Company conceded that it owed $119,905.79 in costs, and that portion of the judgment is not at issue in this appeal.

Zee Company first contends the district court erred in granting Williams Mullen summary judgment on the legal malpractice and constructive fraud claims. We review an award of summary judgment de novo. Adams v. Trs. of the Univ. of N.C.-Wilmington, 640 F.3d 550, 556 (4th Cir. 2011). Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering the matter, we construe the evidence in the light most favorable to the non-moving party, being Zee Company in this case, and draw all reasonable inferences in its favor. See Adams, 640 F.3d at 556.

Applying that standard, the relevant facts are as follows. The day after "the state court entered a temporary restraining order enjoining Zee Company from certain conduct with respect to GE Betz's customers," GE Betz's lead counsel Victoria Cundiff spoke with Williams Mullen attorney William Barrett by telephone. Zee Co., 871 F. Supp. 2d at 501. The attorneys discussed the anticipated lengthy discovery process to come, and at one point Cundiff told Barrett that they

> could continue the discussions that [Barrett] and [GE Betz's local counsel] have started. If [Zee Company] were prepared to cease switching of accounts, [were] prepared to withdraw the DAK proposal, [were] prepared to agree on the customers subject to the agreements,

7

> and [were] prepared to agree to a restart of the time period of the restrictive covenant, [they] might be able to wrap things up.

Id. The parties do not dispute that Barrett did not relay this statement (the "Cundiff Statement") to Zee Company.

Zee Company contends that summary judgment was inappropriate because there is a disputed question of material fact as to whether Williams Mullen's failure to communicate the Cundiff Statement proximately caused Zee Company injury. It contends the district court usurped the role of factfinder because whether a statement is an "offer" is a question of fact under North Carolina law. And Zee Company asserts that a question of fact exists as to "[w]hether GE Betz intended [the Cundiff Statement] to be an offer or preliminary negotiations." (Reply Br. 11.) Zee Company further contends that the district court ignored evidence that it would have settled the state court action had Williams Mullen communicated the Cundiff Statement in a timely manner.

In North Carolina, legal malpractice and constructive fraud claims follow traditional tort principles, requiring proof of causation between the alleged wrongful act and the plaintiff's injury. See Royster v. McNamara, 723 S.E.2d 122, 126 (N.C. Ct. App. 2012) (legal malpractice); Governor's Club, Inc. v. Governors Club Ltd. P'ship, 567 S.E.2d 781, 788 (N.C. Ct. App. 2002) (constructive fraud). Applied here, Zee Company had to

8

show that it suffered some loss that would not have occurred "but for" Williams Mullen's failure to communicate the Cundiff Statement to it in a timely manner.

We have reviewed the record in light of Zee Company's assertions challenging the district court's consideration of that issue and conclude that the district court did not err in concluding no injury was shown as a matter of law. This is so for two reasons: GE Betz made no cognizable offer under North Carolina and Zee Company failed to adduce sufficient evidence of any other injury.

Contrary to Zee Company's contention, no reasonable jury could conclude that the Cundiff Statement was an "offer" under North Carolina law. While Zee Company is correct that whether an offer has been made is a question of fact, nothing in North Carolina law precludes the grant of summary judgment where no question of fact exists. See Jackson v. Stancil, 116 S.E.2d 817, 824 (N.C. 1960) ("Where the facts are in conflict, it is a question for the jury. But where the facts are uncontradicted, . . . whether the evidence is sufficient to [decide the case] is a question of law for the court." (citation omitted)). Here, the district court was capable of reviewing the Cundiff Statement to determine whether a jury could find for Zee Company in light of Williams Mullen's failure to communicate that statement to Zee Company.

9

North Carolina law requires that an offer that is relied upon to create a binding agreement "be one that is intended to create a legal relationship upon acceptance.  It cannot be an offer to open negotiations that eventually may result in a contract."  Braun v. Glade Valley Sch., Inc., 334 S.E.2d 404, 408 (N.C. Ct. App. 1985).  And while a contract will "not fail because minor details are left for future determination," Pee Dee Oil Co. v. Quality Oil Co., 341 S.E.2d 113, 115-16 (N.C. Ct. App. 1986), "an offer to enter into a contract in the future must specify all the essential terms and leave nothing to be agreed upon as a result of future negotiations," Braun, 334 S.E.2d at 408.

The Cundiff Statement is not, as a matter of law, an "offer" under these principles such that the failure to communicate it to Zee Company deprived Zee Company of the opportunity to "accept."  Read as a whole, the Cundiff Statement suggests that the parties could "continue the discussions" about a settlement in lieu of litigation, and that if Zee Company agreed to four things (none of which were detailed), the parties "might be able to wrap things up."  Zee Co., 871 F. Supp. 2d at 501 (emphasis added).  On its plain terms, the Cundiff Statement does not constitute an offer capable of being accepted by Zee

10

Company.[5] The district court's determination on this point was not erroneous.

Nor did the district court err in holding that Zee Company failed to adduce sufficient evidence of injury arising from Williams Mullen's failure to communicate the Cundiff Statement as an opportunity to engage in further settlement negotiations at that stage in the state court action. Our review of the record shows that the district court properly observed that communicating the Cundiff Statement to Zee Company "would merely have given Zee [Company] information it already had." Zee Co., 871 F. Supp. 2d at 511. The Cundiff Statement provided no new information regarding the nature of the dispute between the

---

[5] Indeed, Cundiff stated in her deposition testimony that she did not consider her statement to be an offer of settlement. While Zee Company contends that other witnesses could have impeached Cundiff's own interpretation of her statement, the district court excluded that testimony as "exactly the sort of rumor-mill evidence that the hearsay rule is intended to exclude," and Zee Company does not challenge that ruling. Zee Co., 871 F. Supp. 2d at 507. Even assuming, arguendo, that such evidence would be admissible impeachment, a review of the testimony shows that these other witnesses simply state—in relevant harmony—that years later they heard second- or third-hand that a settlement offer had been made shortly after the issuance of the temporary restraining order. Their testimony does not contain first-hand knowledge of what Cundiff stated, they do not question the actual content of the Cundiff Statement, nor do they (or Zee Company) point to any other statement as constituting the purported walk-away settlement offer. Simply put, the fact that these witnesses subsequently "learned" that GE Betz had made a settlement offer does not make it so, nor does it create a question of fact as to whether the Cundiff Statement was an offer under North Carolina law.

11

parties or what issues would need to be resolved to settle the litigation. As the district court noted, this fact "casts substantial doubt on Zee[] [Company's] contention that the Cundiff [S]tatement was necessary for Zee [Company] to make an informed decision with respect to settlement." Id.

Moreover, even assuming that learning of the Cundiff Statement "would have informed Zee[] [Company's] judgment on settlement, the record contains insufficient evidence that settlement would have actually resulted." Id. Such a conclusion would require the jury to speculate as to each party's subsequent conduct both in reaching a settlement at that time and as to material terms of any such hypothetical settlement agreement. This is not a sufficient basis for a jury to find in favor of Zee Company. See Cox v. Cnty. of Prince William, 249 F.3d 295, 300 (4th Cir. 2001) (stating an "[a]ppellant cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another" (internal quotation marks omitted)).

For these reasons, Zee Company cannot prove that it suffered any injury resulting from Williams Mullen's failure to communicate the Cundiff Statement to it in a timely manner. Accordingly, the district court did not err in awarding Williams

12

Mullen summary judgment on Zee Company's legal malpractice and constructive fraud claims.[6]

B.

Zee Company next challenges the district court's exclusion of two expert witnesses during the jury trial on the reasonableness of Williams Mullen's claim for attorney's fees. The district court has considerable discretion with respect to such evidentiary rulings, and we will reverse only if the court applies erroneous legal principles or bases its decision on clearly erroneous factual findings. In sum, we will reverse only if we are left with "a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Belk, Inc. v. Meyer Corp., U.S., 679 F.3d 146, 161 (4th Cir. 2012) (internal quotation marks omitted).

As noted, the district court granted partial summary judgment on the issue of liability, but concluded that a question of material fact existed as to the amount of attorney's fees Zee Company owed Williams Mullen. Under North Carolina law,

---

[6] In light of our holding, it is not necessary to consider Zee Company's additional arguments challenging the district court's remaining reasons for granting Williams Mullen summary judgment.

13

> [w]hen an attorney enters into a contract for a fixed
> fee [(either a set hourly rate or a set total fee)]
> <u>after</u> the attorney's representation of the client has
> commenced, the attorney bears the burden of proving,
> in an action to recover fees under the contract, that
> the fees were "fair and reasonable." This is so
> because there is a presumption of undue influence when
> an attorney enters into a fee contract with a client
> during representation.

<u>Tew v. Brown</u>, 522 S.E.2d 127, 128-29 (N.C. Ct. App. 1999)

(internal quotation marks, footnotes, citations omitted).

Zee Company sought to introduce the expert testimony of Bernard A. Burk, who opined that Williams Mullen's work in the state court action fell below the standards of professional conduct. In forming that opinion, Burke relied on the factual assumption that Williams Mullen failed to communicate a "walkaway settlement offer" to Zee Company in the state court proceedings. Zee Company contends that the district court abused its discretion in excluding Burk's testimony because the "reasonable value" of legal services depends, in part, on the quality of the legal services. It asserts that Burk's testimony was essential to showing how deficient Williams Mullen's representation had been so that the jury could understand why it should decrease the value of the work Williams Mullen performed.

We find no reversible error in the district court's exclusion of Burk's testimony. As the district court noted, the court had "previously dismissed the malpractice claim" because it found, in relevant part, that the Cundiff Statement "was

14

neither a 'walk-away offer' nor a binding offer to settle capable of being accepted." (J.A. 3477.) Burk's opinion was thus based on what the district court had already concluded was a faulty factual premise. In addition, Burk's witness report contained no opinion as to the reasonableness of the fees in dispute. See Fed. R. Civ. P. 26(a)(2)(B) (stating that an expert witness's written report must contain, inter alia, "a complete statement of all opinions the witness will express and the basis and reasons for them" as well as "the facts or data considered by the witness in forming them."). Therefore, Burk did not tie his opinion about the quality of Williams Mullens' representation to the issue before the jury: whether the fees the firm sought were "fair and reasonable."

In light of these considerations, the district court did not abuse its discretion in concluding that Burk's testimony presented a substantial risk of confusing the issues, misleading the jury, and causing Williams Mullen unfair prejudice. See Fed. R. Evid. 403 (providing that a district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence"); see also United States v. Love, 134 F.3d 595, 603 (4th Cir. 1998) ("Rule 403 judgments are preeminently the

15

province of the trial courts. . . . We will not upset such a decision except under the most extraordinary of circumstances, where a trial court's discretion has been plainly abused." (internal quotation marks and alterations omitted)).

Zee Company also sought to introduce testimony from David Paige criticizing Williams Mullen's billing methods, which Paige opined were not in a format that permitted fair assessment of "whether the legal bills reflected [the] true value" of Williams Mullen's legal services. (J.A. 3232.) Paige opined that as a result of what he considered to be deficient billing practices, Williams Mullen should receive only 25% of the amount it sought in attorney's fees. Zee Company contends the district court abused its discretion in excluding Paige's testimony because Paige would have assisted the jury in determining whether Williams Mullen satisfied its burden of showing the value of its services.

We disagree. As the district court noted, Paige's analysis centered on his belief that Williams Mullen was obligated to submit bills in a particular manner, a position that was ultimately "irrelevant to the point of whether the fees themselves [that] were charged were reasonable." (J.A. 4114.) See Tew, 522 S.E.2d at 129 n.2 (reiterating the opinion of the Supreme Court of North Carolina that it is not a prerequisite to a reasonableness finding "that the attorney introduce into

16

evidence a detailed, itemized statement of the time spent by him in rendering the service" (internal quotation marks omitted)). Moreover, Paige admitted that in forming his opinion that a reasonable fee would be 25% of what Williams Mullen sought, he made a "judgment call based upon the way that . . . [he] believe[d] that a court would rule if they were going through [Williams Mullen's] bills" using the billing principles that he believed were proper. (J.A. 3223-24.) In sum, the district court did not abuse its discretion in excluding Paige's testimony because it focused on matters that were not relevant to the question before the jury and provided a speculative opinion as to the ultimate issue before them.

C.

Lastly, Zee Company contends the district court erred in failing to give two instructions it proffered regarding factors the jury should consider in assessing the "reasonableness" of attorney's fees and in giving an instruction regarding the outcome of Zee Company's legal malpractice claim against Williams Mullen. We review a district court's decision to give or not to give a jury instruction for abuse of discretion. United States v. Mouzone, 687 F.3d 207, 217 (4th Cir. 2012). Reversal is appropriate "only when we can conclude that a particular jury instruction must necessarily have caused the

17

jury to act in complete ignorance of, or to have misapplied, fundamentally controlling legal principles to the inevitable prejudice of an aggrieved party." Spell v. McDaniel, 824 F.2d 1380, 1399 (4th Cir. 1987). Furthermore, we review particular instructions "in light of the whole record," and will reverse a decision "only if the error is determined to have been prejudicial, based on a review of the record as a whole." Abraham v. Cnty. of Greenville, S.C., 237 F.3d 386, 393 (4th Cir. 2001) (internal quotation marks omitted).

The district court instructed the jury that Williams Mullen was entitled to a "reasonable fee" for its services; that the jury was to review all the evidence before it to determine whether the amount Williams Mullen sought in its claim was "reasonable"; that the jury should decide whether that amount or some other amount was reasonable; and that North Carolina law set forth eight non-exhaustive factors that were appropriate to consider in making this determination. The court then listed those exemplars.

Zee Company's proffered "reasonableness" instruction included statements that the value of legal services diminished to the extent the services provided were "less than competent, prompt and diligent," and that certain specified billing techniques did not allow for proper determination of a "reasonable" fee. (J.A. 3566.) Zee Company contends that its

18

instruction would have highlighted that the delineated factors are not exhaustive and would have provided the jury with the specific contested factors in this case.

Zee Company's argument is unpersuasive in light of the applicable standard of review. The district court's instructions accurately stated the governing legal principles for the issue before the jury. The court's refusal to give the proffered instruction did not "seriously impair[]" Zee Company's ability to make its case. See United States v. Lewis, 53 F.3d 29, 32 (4th Cir. 1995). Zee Company was able to refer to the instruction's general principles in making its specific arguments for a reduced attorney's fee award to the jury. Moreover, the "instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." Spell, 824 F.2d at 1395; see also Smith v. Univ. of N.C., 632 F.2d 316, 332 (4th Cir. 1980) ("[A]n appellate court, when assessing the adequacy of jury instructions, is guided by the rule that the instructions should be viewed as a whole. If the judge's instructions properly present the issues and the law as applicable, it is no ground for complaint that certain portions, taken by themselves and isolated, may appear to be ambiguous,

incomplete, or otherwise subject to criticism." (internal quotation marks omitted)).

Similarly unpersuasive is Zee Company's assertion that the district court committed reversible error by instructing the jury as to the outcome of the legal malpractice claim. Contrary to Zee Company's contention, the district court did not contradict itself by refusing to give a preliminary instruction on this point and then giving the instruction prior to deliberations. The district court's initial ruling plainly contemplated reassessing the appropriateness of this instruction after evaluating the evidence presented at trial. It then determined that the instruction was appropriate in light of Zee Company's argument at trial putting at issue whether Williams Mullen provided competent legal services that were worth the value billed. The record supports the basis for the court's decision, and we conclude the district court did not abuse its discretion in giving this instruction.

III.

For the reasons set forth above, the judgments of the district court in favor of Williams Mullen are

AFFIRMED.

20